KNOX (ALEXANDER v.). See Case No. 170.
KNOX (BRADLEY v.). See Case No. 1,782.

---

## Case No. 7,904a.
### KNOX v. The DALLAS.
[Betts, Scr. Bk. 268.]
District Court, S. D. New York. May 4, 1853.

MARITIME LIENS—MACHINERY — USELESS EXPERIMENT.

[The fact that machinery is ordered for a vessel, as an experiment, and proves useless, does not destroy the lien of one who furnishes labor and materials in putting it in.]

[This was a libel by Edward Knox against the steamboat Dallas, her tackle, etc., for labor and materials furnished.]

BETTS, District Judge. The steamboat belonged to this port, and was supplied with various apparatus connected with steam engines, and with a view to carry out patented inventions for the propulsion of vessels. The inventions, if practicable, did not prove useful, and the apparatus was abandoned. The libellant was employed by an agent of the owners (being also patentee of the inventions, and part owner of the vessel) and by the master to furnish and put up the copper work, pipes, &c., connected with the apparatus and steam engine. After the project of fitting out the ship with the proposed engine and apparatus was abandoned, the present claimant took the management of her, had all the works removed, and the ship equipped as a sailing vessel. He admits a part of the libellant's demand to be payable by him, and has always been ready to satisfy it, but the libellant declined to accept part payment. The defence is that the equipment put upon the vessel in the first instance was merely an experiment by the patentee, at his own charge, and was no lien on the vessel, and utterly useless to her owners. A mechanic is only responsible for the sufficiency of his materials and work, when supplied conformably to orders. The law does not impose on him a guaranty that they shall answer the expectations or purposes of his employer. This is especially so in respect to new inventions, when mechanical skill is employed to carry out a supposed discovery, and the mechanic only acts pursuant to instructions. The lien given by the maritime law to material men and mechanics, for the equipment of vessels, is no way limited to any particular mode of fitment. Machinery supplied to aid their propulsion comes within the principle of the privilege, equally with spars and sails. In this case a valid lien on the vessel is proved, and, the demand being put in suit before she left port, it can be enforced in this court. The libellant was not bound to accept part payment of his demand. The decision will be in his favor, for the whole amount of his

materials and labor, with costs. A reference must be had to a commissioner to take the account.